HERBERT R. LARNER, RESPONDENT, v. TOWN OF MONTCLAIR, A MUNICIPAL CORPORATION OF THE COUNTY OF ESSEX, APPELLANT.

Submitted December 10, 1923—Decided March 3, 1924.

Where motion is made to strike out defenses and the matter is brought on for hearing and for summary judgment on the pleadings and on affidavits and exhibits, and the defenses are struck out and summary judgment awarded to the plaintiff, if, on appeal the appellant prints only the pleadings and judgment and omits to print the affidavits and exhibits which were before the court on the motion, the appellant court cannot say that the proofs were insufficient, as they were not before it.

On appeal from the Essex County Circuit Court.

For the appellant, *Walter E. Marsden, Theodore J. Badgley* and *Pitney, Hardin & Skinner.*

For the respondent, *Thomas Brunetto* and *Edwin G. Adams.*

PER CURIAM.

This was an action in the Essex County Circuit Court for damages arising out of the dismissal of the plaintiff-respondent as health officer of the town of Montclair. The defendant's answer pleaded several defenses, and motion was made to strike them all out for various reasons.

The rule for judgment recites that the matter came on to be heard on motion of the plaintiff to strike out the answer of the defendant and for summary judgment, and the court having examined the pleadings and having read the affidavits and exhibits and having considered the arguments of counsel, and being of opinion that the answer of defendant sets forth no defense to the action, judgment was entered in favor of the plaintiff and against the defendant.

On the opening day of the term at which this cause was noticed for argument, the plaintiff-respondent objected to the state of the case and moved for an order directing the printing of the affidavits and exhibits which were before the Circuit judge at the time the motion to strike out and for summary judgment was argued and decided. This motion was opposed by the defendant-appellant, and it was denied by the court. The defendant-respondent might have printed the affidavits and exhibits as part of the state of the case, or might have consented to an order requiring such printing on the application of the respondent; but did not. The appellant chose rather to submit the case on the pleadings and did this at its peril.

Supreme Court rule 80 provides that answers may be struck out and judgment final entered on motion and affidavit, unless defendant shall show by affidavit or other proofs

that he is entitled to defend.   It appears from the rule for judgment, as stated above, that affidavits and exhibits were submitted on the motion to strike out.   And we cannot say but that the proofs may have moved the court to grant the motion to strike out, as they are not before us.   In *Eisele & King* v. *Raphael*, 90 N. J. L. 219, this court said (at *p.* 221) : "This (rules 80-84) confers upon the judge the power to determine the sufficiency of the facts set up by the defendant, and his conclusions that they are not sufficient should not be set aside unless the sufficiency clearly appears."

As the facts were not brought up by the appellant with the record, their insufficiency, if they were insufficient, was not made to appear, and, therefore, the judgment under review cannot be reversed, but must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 12.

*For reversal*—None.